# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.                                                 **Case No. 05-CR-71**

**CEDRIC HAYES,**

    Defendant.

---

### ORDER ON THE DEFENDANT'S PRETRIAL MOTIONS

---

On March 8, 2005, the grand jury returned six-count indictment against the defendant, Cedric Hayes ("Hayes"). The charges against Hayes relate to his alleged acquisition and possession of firearms and his alleged drug trafficking.

Hayes filed a motion to suppress evidence seized from his residence, located at 3905 W. Walnut Street, Milwaukee, Wisconsin. In addition, Hayes filed a motion to compel discovery and a motion for notice of the government's use of evidence pursuant to Federal Rules of Evidence 404(b), 803(24), 804(b)(5), and 609(b). By letter dated April 13, 2005, Hayes withdrew his motion to suppress. (Penegor Ltr. April 13, 2005.). Accordingly, that motion will not be discussed further herein. The pleadings on Hayes' remaining motions are now closed, and the motions are ready for resolution. A jury trial is scheduled to commence before the Honorable J.P. Stadtmueller on May 31, 2005, with a final pretrial conference set for May 18, 2005.

Hayes' discovery motion does not comply with this district's Local Rules and pretrial order dated March 14, 2005. The pretrial order states that, "[a]ny discovery motion under Fed.R.Crim.P. 16(a) or 16(b) must be accompanied by the statement required by Criminal L.R. 16.1(a)." That Local Rule provides, in pertinent part, that:

> [i]f the government is following the open file policy, the government need not respond to and the Court must not hear any motion for discovery under Fed.R.Crim.P. 16(a) or 16(b) unless the moving party provides in the motion a written statement affirming (i) that a conference with opposing counsel was conducted in person or by telephone, (ii) the date of such conference, (iii) the names of the government counsel and defense counsel or defendant between whom such conference was held, (iv) that agreement could not be reached concerning the discovery or disclosure that is the subject of the motion, and (v) the nature of the dispute.

CRIM. L.R. 16.1. In this case, the defendant has filed motions for discovery in contravention of the pretrial order. In particular, the defendant has failed to include the requisite CRIM. L.R. 16.1(a) statement.

The defendant's motions illustrate the inefficiency the local rule attempts to avoid. In his motions, the defendant seeks information, some of which he is plainly entitled to obtain under the Federal Rules of Criminal Procedure, and other additional information which he will receive pursuant to the government's open file policy. The government responds that it is aware of its obligations under the federal rules, case law, and its open file policy. In regard to Hayes' request for notice of Rule 404(b) and other evidence, the government claims it will give notice no later than fifteen days prior to trial. In fact, pursuant to Rule 404(b), no motion is required; the defendant need only make a "request" to generate the government's obligation. Accordingly, Hayes' motions are moot and will be denied.

**IT IS THEREFORE ORDERED** that Hayes' motion to compel discovery is **denied.**

**IT IS FURTHER ORDERED** that Hayes' motion for notice of the government's intent to use evidence of other crimes is **denied.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge