# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

      Case No. 05-CR-071

**CEDRIC HAYES,**

      Defendant.

# DECISION AND ORDER

The Defendant, Cedric Hayes ("Hayes"), filed a motion to reduce his sentence relying upon retroactive amendment 706 to United States Sentencing Guidelines ("Guidelines") § 1D1.10, which lowered the base offense levels applicable to cocaine base ("crack") offenses, and 18 U.S.C. § 3582(c)(2). Hayes states that under the new crack Guidelines, his guideline offense level is 15 with a criminal history score of IV. Hayes asks that the Court reduce his sentence to between 30 and 37 months or set this matter for a hearing. The Court directed the Plaintiff, United States of America (the "United States"), to file a response.

On April 21, 2008, the United States filed a response indicating that while Hayes is eligible for a sentence reduction, the Court should exercise its discretion and deny Hayes's request for reduction, or at most, impose a sentence at the top of the amended guideline range.

The United States relies upon Hayes's history and characteristics, and the concurrent need to protect the community.

In response, Hayes filed a *pro se* motion for judgment on the pleadings. By letter dated November 11, 2008, counsel for Hayes inquired regarding the status of the motion for reduction of sentence.

Section 3582(c)(2) states:

> In the case of a defendant who has been sentenced to a term of imprisonment **based on a sentencing range that has subsequently been lowered by the Sentencing Commission** pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

On September 23, 2005, Hayes plead guilty to possession with intent to distribute a substance containing of distributing crack. Hayes's relevant conduct was two grams of crack cocaine. Under the Guidelines in effect as of the date of Hayes's June 2, 2006, sentencing, this quantity of crack placed Hayes at an offense level of 20. That level, combined with other guideline adjustments placed Hayes, at a total offense level of 17. Hayes's criminal history category was IV. The Guidelines imprisonment range was 37 to 46 months.

Under the amended Guidelines, Hayes's offense level is 18. That level, combined with the other prior Guidelines adjustments, places Hayes at a total offense of level 15. Hayes's criminal history category remains IV. The Court has considered the positions of

the parties and concludes that it is inappropriate to reduce Hayes's sentence because the disparity of the sentence length for crack offenses was not and cannot be the dominant factor in Hayes's original sentence.  As the Court noted at the time of sentencing, Hayes's pattern of not only drug dealing, but his numerous arrests for a variety of crimes caused the Court to conclude that the record under-represented the impact that Hayes had on the community (e.g., 22 arrests in 12 years and 45 traffic offenses) and the Court could well have gone beyond the 46 months imposed.  Therefore, Hayes's motion to reduce sentence is **DENIED** and the previously imposed sentence of imprisonment of 46 months remains along with all other provisions of the sentence imposed on June 2, 2006.

Dated at Milwaukee, Wisconsin this 17th day of December, 2008.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**Chief Judge**